UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DUSTAN YVETTE WALTERS (HALE), ) | |
| ) | |
| Petitioner, ) | Civil Action No. 21-CV-92-DCR-CJS |
| ) | |
| V. ) | |
| ) | **ORDER AND** |
| COMMONWEALTH OF KY ) | **REPORT AND RECOMMENDATION** |
| BOYLE COUNTY CIRCUIT COURT,[1] ) | |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Dustan Yvette Walters (Hale) has filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[2] (R. 1). Consistent with local practice, the matter has been referred to the undersigned for consideration and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 10.

---

[1] Petitioner has mistakenly identified the Boyle County Circuit Court as the Respondent in this action. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that when a petitioner is in custody under a state court judgment, the petition for habeas corpus relief should name the state officer having custody of the petitioner. Hale's Petition was mailed from the Marion County Detention Center and, presumably, the jailer of that facility had custody of Hale at that time. However, a recent check of Kentucky's Online Offender Lookup indicates that Hale was placed on mandatory reentry supervision on December 13, 2021 and reports to the Campbellsville, Taylor County, Kentucky probation and parole office. Because this Report recommends that the case be dismissed prior to service of the Petition upon the Respondent, the Court need not address whether a Rule 2(a) substitution of a proper Respondent is necessary.

[2] The Petition was initially filed in the Western District of Kentucky, which transferred the Petition to this District on April 6, 2021. (R. 3). Although the Clerk of Court for the Western District of Kentucky received and docketed the Petition on February 16, 2021, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d). Here, the *pro se* Petition was signed by the Petitioner on February 11, 2021. (*See* R. 1 at Page ID 15). Applying the prison mailbox rule, the Court deems the Petition to have been filed on February 11, 2021. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

After conducting a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, "it plainly appears from the Petition . . . that the petitioner is not entitled to relief in the district court" because Hale's Petition is untimely. Accordingly, it will be recommended that Hale's Petition **be dismissed** and that no certificate of appealability issue.[3]

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Hale's Petition provides little factual and procedural background information. She identified five crimes she has been convicted of in Boyle Circuit Court: (1) Possession of a Controlled Substance—Cocaine (10-CR-100);[4] (2) Theft by Unlawful Taking or Disposition (11-CR-91); (3) Bail Jumping (16-CR-180); (4) Bail Jumping (16-CR-181); and (5) Possession of a Controlled Substance—Methamphetamine (17-CR-9).[5] (*See* R. 1 at Page ID 1).

Hale's Petition states she was originally placed on pretrial diversion for her Possession of a Controlled Substance offense, 10-CR-100, and Theft by Unlawful Taking offense, 11-CR-91.[6] (*Id.* at Page ID 2). Because Hale's Petition contains limited information about these cases and

---

[3] This Report and Recommendation provides Hale notice that her Petition appears to be time barred. The objection period explained at the end of this Report and Recommendation gives Hale the opportunity to present her position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008).

[4] Hale does not list it, but in case 10-CR-100 she was also convicted of Assault 3rd on Police/ Probation Officer.

[5] Though not specified by Hale, this conviction was before the Circuit Court in Marion County, rather than Boyle County.

[6] Pretrial diversion is a state procedure in Kentucky that allows an offender to plead guilty to the offense that they were charged for. *See* Ky. Rev. Stat. § 533.250. If the offender completes the pretrial diversion requirements, then they get their case "dismissed-diverted." Ky. Rev. Stat. § 533.258. If the offender violates the conditions of their pretrial diversion, then the state court may void the pretrial diversion agreement and permit the state prosecutor to proceed with the offender's plea of guilty in accordance with the law. Ky. Rev. Stat. § 533.526.

2

when her pretrial diversion was revoked, the Court looks to the state court dockets for these cases, which dockets were accessed using CourtNet 2.0. *See Commonwealth v. Dustan Walters,* Boyle Circuit Court Case Nos. 10-CR-100 and 11-CR-91 (CourtNet Docket), available at https://kcoj.kycourts.net.[7] According to the Boyle Circuit Court's records, Hale was charged on August 31, 2010, with Possession of a Controlled Substance—Cocaine and Assault 3rd on Police/Probation Officer, in Boyle Circuit Court Case No. 10-CR-100 (CourtNet Docket). Hale agreed to plead guilty to the charges and enter into a pretrial diversion agreement, which the Boyle Circuit Court granted on February 16, 2011. *Id.* After being placed on pretrial diversion for her controlled substance offense, Hale was charged with Theft by Failure to Make Required Disposition of Property over $10,000 on August 16, 2011, in Boyle Circuit Court Case No. 11-CR-91 (CourtNet Docket). Hale again agreed to plead guilty, this time to a reduced offense of Failure to Make Required Disposition of Property under $10,000, and enter into a pretrial diversion agreement, which the Boyle Circuit Court granted on January 9, 2012. *Id.*

The Circuit Court dockets for both of the above cases reflect that on January 21, 2016, the Boyle Commonwealth's Attorney moved to void Hale's pretrial diversion.[8] After Hale failed to appear in June 2016 for hearing on the revocation of her diversion, she was charged with Bail

---

[7] The Court takes judicial notice of these case dockets. *See Chase v. Macauley,* 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in a § 2254 case) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

[8] A letter by Hale addressed to the state court that was attached to a later motion by Hale for shock probation suggests this motion by the prosecutor to void Hale's pretrial diversion was because Hale had used drugs.

Jumping in two separate cases, Boyle Circuit Court Case Nos. 16-CR-180 and 16-CR-181.[9]  In November 2016 she was arrested in Marion County for Possession of Controlled Substance—Methamphetamine and other drug-related charges, in Marion District Case No. 16-F-174 (CourtNet Docket).  She was detained due to the holders for bail jumping by Boyle County and then subsequently indicted for the drug charges on January 9, 2017, in Marion Circuit Case No. 17-CR-9 (CourtNet Docket).

On April 5, 2017, the Boyle Circuit Court voided Hale's pretrial diversion in 10-CR-100 and 11-CR-91, sentenced her in those cases, and sentenced her in the Bail Jumping cases, as follows:

> Boyle Circuit Case No. 10-CR-100
> 1) Possession of Controlled Substance (cocaine) – 4 years consecutive to 11-CR-91 and 16-CR-180
> 2) Assault 3rd – 4 years concurrent
>
> Boyle Circuit Case No. 11-CR-91
> 1) Theft by Failure to Make Required Disposition of Property less than $10,000 – 5 years consecutive with 10-CR-100 & 16-CR-180
>
> Boyle Circuit Case No. 16-CR-180
> 1) Bail Jumping – 1 year concurrent with 16-CR-181 but consecutive with 10-CR-100 and 11-CR-91
>
> Boyle Circuit Case No. 16-CR-181
> 1) Bail Jumping – 1 year concurrent with 16-CR-180 but consecutive with 10-CR-100

As for the Marion Circuit Court drug charges in Case No. 17-CR-9, Hale pleaded guilty on April 20, 2017, and on December 28, 2017, was sentenced for the possession of methamphetamine offense to 1 year in prison concurrent with Boyle Circuit Case Nos. 16-CR-180 and 16-CR-181. This resulted in a total term of incarceration for all of these cases of ten years.

---

[9] Hale's letter to the state court in support of shock probation admitted that after she failed to appear for court by accident, she "panicked and went on the run."

The docket in Marion Case No. 17-CR-9 also contains a notation from the Kentucky Department of Corrections that Hale was released on parole on December 18, 2018. Since being released, Hale has apparently had her parole revoked on a few occasions.[10] When Hale filed her Petition in February 2021, she was being held in custody at the Marion County Detention Center after her parole had again been revoked.[11]

Hale alleges in her Petition that her sentences of incarceration in the 2010 and 2011 Boyle Circuit Case Nos. 10-CR-100 and 11-CR-91 should be vacated, based on two grounds. (*Id.* at Page ID 15). Under Ground One, Hale argues that these sentences were supposed to run concurrently and challenges the conduct of her trial attorney for his failure to object to her consecutive, instead of concurrent, sentences after her pretrial diversion was voided, which she alleges violated her plea agreement. (*Id.* at Page ID 2, 5). Hale indicates that she did not exhaust her state remedy because she was told that she could not, and she did not understand the law. (*Id.* at Page ID 6-7). In Ground Two, Hale argues her pretrial diversion was revoked after her pretrial diversion was set to expire (*id.* at Page ID 2) and claims that she was three months away from completing her pretrial diversion agreement when she failed her drug test (*id.* at Page ID 7). Hale argues that the revocation of her pretrial diversion was seven years after her original arrest in 2010,[12] that she was sentenced to ten years without being "offered drug treatment or anything,"

---

[10] One was in May 2020 after being charged in Boyle County with running a red light and no license, in Case No. 20-T-396 (CourtNet docket) and another revocation was in September 2020 after being arrested in Marion County for careless driving, possession of marijuana, and giving false identification to law enforcement, in Case No. 20-M-277 (CourtNet docket).

[11] As noted above, on December 13, 2021, Hale was released on mandatory reentry supervision according to Kentucky's Online Offender Lookup.

[12] The statute of limitations for the offenses charged in both of Hale's cases was tolled pending her completion of the pretrial diversion agreement. *See* Ky. Rev. Stat. § 533.256(3).

and that her counsel was ineffective. (*Id.*). Hale again states that she was told that she could not exhaust her state remedies. (*Id.*).

Upon review and consideration, because Hale is challenging the state court's 2017 judgments sentencing her to a total of ten years of incarceration in Case Nos. 10-CR-100 and 11-CR-91, Hale's § 2254 Petition is time-barred. Therefore, dismissal will be recommended and Hale's claims contained within her Petition will not addressed substantively.

## II.     ANALYSIS

Hale's § 2254 Petition should be dismissed as time-barred because it was filed outside of the applicable one-year limitations period for habeas petitions. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Both Grounds in Hale's Petition arise from the state court's April 5, 2017 judgment voiding her pretrial diversion and sentencing her to incarceration. (*See* R. 1 at Page ID 5, 7). Under Kentucky law, "[t]he time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken[.]" Ky. RCr 12.04(3). When no direct appeal is taken, the judgment becomes final when the appeal period has expired. *Gonzales v. Thaler*, 565 U.S. 134, 150 (2012). Thus, Hale had thirty days following her April 5, 2017 judgment revoking her pretrial diversion and sentencing her to a total of ten years. Hale also concedes that she did not file a direct appeal for either Ground. (R. 1 at Page ID 6-7). This means the judgment revoking Hale's pretrial diversion became final on Friday, May 5, 2017, the first business day following the close of the thirty-day appeal period, and the limitations period expired one year later, on May 5, 2018. *See* 28 U.S.C. § 2244(d)(1)(A). Hale's Petition was filed on February 11, 2021, well after the limitations period expired. (*See* R. 1).

This is true even though Kentucky law allows an individual three years in which to file a post-conviction action pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. *See Thompson v. Chandler*, 55 F. App'x 758, 759 (6th Cir. 2003) ("[t]he AEDPA's [one-year] limitation period is tolled only while a properly filed state post-conviction action is actually pending.") (citations omitted). Under Kentucky law, Hale had until May 5, 2020, to file any collateral attack for ineffective assistance of counsel from the April 5, 2017 judgment. *See* Ky. RCr. 11.42(10). However, "[a] post-conviction action is neither 'actually pending' nor 'properly filed' until it is actually filed." *Thompson*, 55 F. App'x at 759. Thus, Hale's claim is now time-barred in this Court because she failed to file any state post-conviction request that would toll AEDPA's one-year limitations period. *See id.* (rejecting a claim that the habeas limitations period

7

was extended by the three-year period that is allowed for filing a post-conviction action under Ky. RCr 11.42). Because Hale filed the current § 2254 Petition on February 11, 2021, her Petition is time-barred.

Additionally, there is no basis for equitable tolling of the statute of limitations in this case, to the extent that Hale may seek it. Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation and quotation marks omitted)). The one-year limitations period for filing a § 2254 petition is subject to equitable tolling, and the petitioner bears the burden of showing that she is entitled to equitable tolling. *Id.* (citation omitted); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court has established that a habeas petitioner is entitled to equitable tolling if she demonstrates that (1) "some extraordinary circumstance stood in [her] way and prevented timely filing," and (2) "[she] has been pursuing [her] rights diligently." *See Holland*, 560 U.S. at 649 (quotation marks and citation omitted). Here, Hale offers no grounds whatsoever that could trigger the doctrine of equitable tolling—a doctrine to be applied "sparingly." *Robertson*, 624 F.3d at 784. Equitable tolling, therefore, is not implicated. For these reasons, it will be recommended that Hale's § 2254 Petition be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Hale is not entitled to a certificate of appealability ("COA"). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the dismissal of Hale's § 2254 Petition on timeliness grounds or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the District Court's entry of its final order in this matter.

### IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein,

**IT IS ORDERED** that the Clerk of Court shall update the docket to reflect Petitioner's address as provided by the Kentucky Probation and Parole Office: Dustan Walters Hale, 322 S Harrison Street, Lebanon, KY 40033, and service shall be sent to Petitioner at this address.

**IT IS RECOMMENDED** that:

1) Hale's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be dismissed** without the necessity of requiring Respondent to file a written response;

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and

4) this case be **stricken** from the active docket of this Court.

Petitioner is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Cases for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Petitioner may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 31st day of January, 2022.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\21-92-DCR Hale R&R final.docx