UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DUSTAN YVETTE WALTERS (HALE), | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 21-092-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KY | ) | **MEMORANDUM OPINION** |
| BOYLE COUNTY CIRCUIT COURT,[1] | ) | **AND ORDER** |
| | ) | |
| Respondent. | | |

*** *** *** ***

Petitioner Dustan Yvette Walters (Hale) has filed a petition seeking to vacate her state convictions under 28 U.S.C. § 2254. [Record No. 1] Consistent with local practice, the matter was referred to United States Magistrate Judge Candace J. Smith for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon review, Magistrate Judge Smith found that Hale's petition is time-barred and recommends that it be dismissed. [Record No. 8]

To date, Hale has not filed any objections to the magistrate judge's Report and Recommendation. "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

---

[1] Although Hale's petition violates Rule 2(a) of the Rules Governing Section 2254 Cases (concerning the proper identity of respondents), no substitution is necessary because the petition will be dismissed prior to service. *See* Rule 2(a) of the *Rules Governing Section 2254 Cases*.

- 1 -

Nevertheless, the Court has conducted a *de novo* review of the matter and agrees that Hale's petition is untimely. Accordingly, the petition will be dismissed.

On August 31, 2010, Hale was charged with Possession of a Controlled Substance—Cocaine and Assault 3rd on a Police/Probation Officer in Boyle Circuit Court Case No. 10-CR-100. [Record No. 8, p. 3] Hale pleaded guilty and entered into a pretrial diversion agreement on February 16, 2011.[2] [*Id.*] She was subsequently charged on August 16, 2011, with Theft by Failure to Make Required Disposition of Property over $10,000.00 in Boyle Circuit Court Case No. 11-CR-91. [*Id.*] On January 9, 2012, she pleaded guilty to a reduced charge and once again entered into a pretrial diversion agreement. [*Id.*]

Following a failed drug test, the Boyle County Commonwealth's Attorney moved to void Hale's pretrial diversion. [*Id.*] On April 5, 2017, the Boyle Circuit Court granted the motion, voided Hale's pretrial diversion, and sentenced her to a total of ten years' incarceration. [*Id.*, p. 4; Record No. 1, p. 7] Hale did not appeal this judgment and it became final on May 5, 2017. *See Gonzales v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires."); Ky. RCr 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken[.]").

Section 2254 actions are subject to a one-year period of limitations. *See* 28 U.S.C. § 2244(d)(1). This limitations period is tolled while a properly filed state post-conviction action

---

[2] Pretrial diversion is a procedure available in Kentucky courts that allows an offender to plead guilty to the charged offense but have their case "dismissed-diverted" if he or she completes the diversion requirements. *See* Ky. Rev. Stat. §§ 533.250, 533.258. If the offender violates the terms of their pretrial diversion the state court may void the diversion agreement and permit the prosecution to proceed with the guilty plea. Ky. Rev. Stat. § 533.526.

is pending, but Hale never filed such an action. § 2241(d)(2). Accordingly, the limitations period expired on May 5, 2018. *See* § 2244(d)(1)(A). Because Hale did not file her § 2254 petition until February 11, 2021, her petition is time-barred. [Record No. 1, p. 15]

Finally, a Certificate of Appealability will not issue because reasonable jurists would not debate whether Hale's petition is untimely. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 8] is **ADOPTED** and **INCORPORATED** here by reference.

2. Hale's motion to vacate under 28 U.S.C. § 2254 [Record No. 1] is **DISMISSED** with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue.

Date: February 18, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky